IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELGIN PORTEE, #353625, | * |
|       Petitioner | |
| | * |
| v. | CIVIL ACTION NO. RDB-09-1072 |
| | * |
| WARDEN, | |
|       Respondent | * |

*******

## MEMORANDUM OPINION

On April 27, 2009, Elgin Portee filed the instant 28 U.S.C. § 2254 habeas corpus Petition attacking the revocation of his probation entered on October 24, 2008, by the Circuit Court for Baltimore City. Paper No. 1. Respondent has answered the Petition, solely addressing whether Petitioner has exhausted his available state court remedies. Paper No. 9. Petitioner has responded. Paper Nos. 10 and 11. The Court finds no need for a hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons to follow, the Petition will be denied and dismissed without prejudice.

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a Petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

On January 22, 2008, Petitioner pled guilty to one count of second-degree assault. He received a five-year term of incarceration, with all but one year suspended. He was also ordered to serve three years of probation, a condition of which was to have no contact with Darlene Portee. Paper No. 9, Ex. 1. Petitioner did not file an application for leave to appeal the entry of his guilty

plea and sentence. *Id*.

On May 21, 2008, a violation of probation warrant was issued. Petitioner was found in violation of his probation on August 27, 2008, and on October 24, 2008, he was sentenced to serve four years incarceration. *Id*. Petitioner filed an application for leave to appeal the ruling, alleging that his right to due process was violated when he did not receive notice of the accusations, or the revocation hearing and was unable to present his defense. *Id*., Ex. 2. The application for leave to appeal is pending in the Court of Appeals of Maryland. *Id*. and Paper No. 1. Petitioner has not initiated post- conviction proceedings relative to the revocation of his probation.1 *Id*., Ex. 1.

It is clear that Petitioner has not yet exhausted all of his available state court remedies. This Petition shall be dismissed without prejudice to allow Petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed. A separate Order follows.

September 10, 2009                                   /s/
  Date                                                    RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE

---

[1] Petitioner states that he contacted the Office of the Public Defender, Collateral Review Division regarding his case but was advised that a claim of innocence could not be pursued on collateral review. Paper No. 10. Petitioner is advised, however, that some of the claims raised by him in the Application for Leave to Appeal may be reviewable in state post-conviction proceedings.